**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-109 |
| | ) | (Phillips/Shirley) |
| **CHARLES LYNN CARPENTER** | ) | |

**MEMORANDUM AND ORDER**

On January 11, 2011, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 44-page Report and Recommendation (R&R) [Doc. 26] in which he recommended that defendant's motion to suppress evidence seized in this case [Doc. 15] be denied. Thus, Judge Shirley recommended that all evidence seized from defendant's residence on July 27, 2010, be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 29]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on October 27, 2010. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant has been charged in a three-count indictment with manufacturing methamphetamine; possessing methamphetamine with intent to distribute; and possession of equipment, chemicals and materials used to manufacture methamphetamine [Doc. 1]. The charges arose out of officers' execution of arrest warrants on defendant at his residence. Officers had information that defendant, aided by another individual, was manufacturing methamphetamine at his residence. They also had information that this other individual was possibly armed with a shotgun. Officers had previously dealt with defendant in an earlier incident involving a methamphetamine lab on the same property. Officers determined that there were active arrest warrants on the defendant and they formulated a plan for execution of the arrest warrants on defendant. During the execution of the arrest warrants, the officers observed evidence of methamphetamine manufacture, and a search warrant was obtained to search defendant's residence.

The magistrate judge found that the totality of the circumstances supported the officers' belief that the defendant and another individual were on defendant's property manufacturing methamphetamine, possibly armed, and thus posed a danger to the safety of the officers and the public. The magistrate judge further found, based on the testimony presented at the evidentiary hearing, that the officers had reasonable articulable facts authorizing a protective sweep of defendant's trailer and outbuildings after defendant fled the premises. Although the magistrate judge found that Officer Kitts' remained on the property longer than necessary to complete the arrest of defendant, the magistrate judge concluded that the evidence observed by Officer Kitts was admissible pursuant to the inevitable discovery doctrine. The magistrate judge found that after redacting the

information provided by Officer Kitts' from the search warrant affidavit, the affidavit still raised "a fair probability that contraband or evidence of a crime, particularly the illegal manufacture of methamphetamine, would be found at defendant's residence" [Doc. 26]. Thus, the magistrate judge found the evidence was subsequently discovered on July 27, 2010, pursuant to a valid search warrant.

Having reviewed the record and the briefs of the parties, the court is not persuaded that the magistrate judge erred in his findings. The reasons having been fully articulated by the magistrate judge, the issuance of a detailed opinion by the undersigned would be duplicative and serve no useful purpose.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 29] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 26] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 15] is **DENIED** in its entirety, whereby the court will allow the introduction of the evidence seized from defendant's residence on July 27, 2010, at the trial of this matter, which is presently set for March 8, 2011.

                **ENTER:**

                      s/ Thomas W. Phillips
                   United States District Judge