UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES LYNN CARPENTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:10-CR-109-RLJ-CCS-1 |
| | ) | 3:13-CV-653-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 49]. The government filed an initial response [Doc. 55]. During pendency of the petition, Petitioner filed what the Court interprets to be a motion for leave to amend [Doc. 56], and a motion to "stay" ruling on the amendment pending resolution of his request for leave to submit the same [Doc. 57]. The government filed an amended response addressing the motions to amend and stay [Doc. 62]. For the reasons stated below, Petitioner's motion for leave to amend [Doc. 56] will be **GRANTED IN PART** and **DENIED IN PART**, motion to stay [Doc. 57] will be **DENIED as moot**, and amended petition [Docs. 49, 56] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.    BACKGROUND

After unsuccessfully attempting to suppress evidence [Doc. 30], Petitioner pled guilty to manufacturing at least fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) [Docs. 34, 35]. Based on four prior felony drug convictions, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*See generally* Presentence Investigation Report ("PSR")]. On

January 30, 2012, the Court sentenced Petitioner to a below-Guideline term of 235 months' imprisonment followed by eight years' supervised release [Doc. 43]. Petitioner appealed—contesting, among other things, the denial of his motion to suppress, the reasonableness of his sentence, and the adequacy of counsel, and the Sixth Circuit affirmed the conviction and sentence on November 7, 2012 [Doc. 47 at 1, 6 (rejecting suppression, reasonableness arguments before noting that ineffective assistance arguments are reserved for collateral review)].

Less than one year later—on October 28, 2013—Petitioner filed for collateral relief [Doc. 49]. The motion contains the following grounds: (1) erroneous denial of his motion to suppress evidence based on the "inevitable discovery doctrine" [Doc. 50 pp. 4, 12–30]; (2) ineffective assistance during the trial process as a result of counsel's failure to object to the same during the suppression hearing [*Id.* at 12, 17, 19, 21]; and (3) ineffective assistance during the plea process because counsel allowed Petitioner to admit the existence of prior drug convictions without first informing him that the Court would have been unable to treat the same as predicate offenses absent such stipulation [*Id.* at 30–36]. Three years after he submitted the original petition, Petitioner filed what the Court interprets to be a motion for leave to amend [Doc. 56]. In that amendment, Petitioner raises numerous grounds for relief—contesting the reliability of an informant, faulting the police for conducting a protective sweep after having arrested Petitioner and for using allegedly stale information to obtain a warrant for his property, accusing the government of failing to prove that certain evidence would have been inevitably discovered, accusing counsel of rendering constitutionally deficient assistance for not negotiating a more favorable plea agreement or disputing the drug quantity and career offender classification, and

2

seeking vacatur of his career offender enhancement in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) [*Id.* at 1–8].[1]

## II.   TIMELINESS AND RELATION BACK OF CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition and the subsequent amendment depend on whether those documents were submitted in compliance with the one-year limitation periods under subsections (f)(1) and (f)(3).

---

[1]   Petitioner simultaneously filed an application with the Sixth Circuit seeking authorization to file a second § 2255 motion [*See generally* Sixth Circuit Case No. 16-6025]. The United States responded that authorization was unnecessary given the fact that Petitioner's original petition remained pending before this Court [*Id.*]. The Court agrees that no authorization is required under the circumstances; the request for a stay pending the same will be **DENIED**.

3

### A. Timeliness of October 28, 2013 Petition

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). In the case of a direct appeal, a petitioner's conviction becomes final upon either denial of certiorari or expiration of the ninety-day period in which to seek such review. *Clay v. United States*, 537 U.S. 522, 525, 532 (2003). Petitioner's one-year period for requesting relief under subsection (f)(1) expired on February 5, 2014, one year after his conviction became final for purposes of that section on February 5, 2013 [Doc. 47]. The original petition—filed on October 28, 2013—falls safely within the permissible period for requesting collateral relief [Doc. 49].

### B. Timeliness of July 1, 2016 Amendment

Unlike the original petition, Petitioner failed to request leave to amend until nearly three-and-a-half years the window for making such a request expired under subsection (f)(1). Only the *Johnson*-based challenge to his career offender enhancement can arguably be characterized as relying on a new rule made retroactively applicable on collateral review, qualifying for the renewed one-year limitations period under subsection (f)(3). *Compare Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *and Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that Johnson's vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness), *with In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet

4

made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive").[2]

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility is a permissible basis on which to deny a motion for leave to amend, s*ee Forman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of Petitioner's request to amend depends on whether the filing window under subsection (f)(1) has been equitably tolled or the remaining untimely grounds therein relate back to timely-filed claims for relief under Federal Rule of Civil Procedure 15(c).

### 1. Equitable Tolling of the Statute of Limitations

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see*

---

[2] The Court finds that it need not determine the timeliness of the *Johnson*-based ground under subsection (f)(3) because, even assuming the Court were to find that reliance on *Johnson* trigged a renewed window, the proposed claim would fail as a matter of law.

*also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After a thorough review of the petition and proposed amendment [Docs. 49, 56], the Court concludes Petitioner has failed to put forth extraordinary circumstances justifying his failure to comply with § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). As such, no tolling occurred.

### 2. Relation Back Under Federal Rule of Civil Procedure 15(c)

When an amendment is untimely, the Court looks to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claims "relate back" to a timely, original pleading and are thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). An amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

6

Only one of the proposed grounds—Petitioner's reiteration of the earlier filed challenge to this Court's denial of his motion to suppress—can be construed as sharing a "core of operative fact" with a timely claim in the original petition [Doc. 50, 4, 12–30; Doc. 56 pp. 3–5]. By Contrast, the remainder of Petitioner's proposed grounds—challenging the reliability of a police informant, absence of a protective sweep, and use of stale information to obtain the warrant, and assailing counsel's failure to negotiate a more favorable plea, dispute the quantity of drugs discovered, or mount a challenge to Petitioner's career offender classification—neither relate back to a timely claim nor independently comply with § 2255(f). Leave to amend the petition to include the latter set of collateral attacks will be **DENIED** accordingly. *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008) (denying amendment "filed after [the limitation] period expires [absent] . . . relat[ion] back to the date of the original pleading").

## III.  STANDARD OF REVIEW AND ANALYSIS OF TIMELY CLAIMS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

As amended, the petition contains four timely grounds for collateral relief: (1) erroneous denial of his motion to suppress evidence based on the "inevitable discovery doctrine" (Ground One) [Doc. 50 pp. 4, 12–30]; (2) ineffective assistance during the trial process as a result of

7

counsel's failure to object to the same during the suppression hearing (Ground Two) [*Id.* at 12, 17, 19, 21]; and (3) ineffective assistance during the plea process because counsel allowed Petitioner to admit the existence of prior drug convictions without first informing him that the Court would have been unable to treat the same as predicate offenses absent such stipulation (Ground Three) [*Id.* at 30–36]; and (4) entitlement to vacatur of his career offender enhancement in light of *Johnson v. United States* (Ground Four) [Doc. 56 pp. 1–3].

### A. Ground One: Denial of the Motion to Suppress

Petitioner's first ground faults the Court for allowing hearsay evidence during the suppression hearing [Doc. 50 pp. 4, 12–30]. Specifically, Petitioner appears to argue that the Court should have suppressed testimony in which one of the police officers explained that he was informed by a third party that a group of individuals were headed to Petitioner's trailer to make methamphetamine [*Id.* at 12–13]. He goes on to argue that the Court erred when it admitted evidence gathered pursuant to a warrant obtained on the basis of that inadmissible hearsay statement [*Id.* at 14–16]. Neither argument provides a viable basis for setting aside Petitioner's conviction and sentence because both arguments were raised by Petitioner and rejected by the Sixth Circuit on direct appeal [Doc. 47 pp 3–4]. It is well established that absent exceptional circumstances, such as an intervening change of law, a § 2255 motion cannot be used to relitigate issues decided on appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996). Petitioner has failed to identify any such circumstance and thus the Court lacks authority to review Ground One.

## B. Grounds Two and Three: Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the court need not decide whether counsel's performance was deficient.

### 1. Suppression Hearing

To the extent Petitioner suggests that counsel should have raised the arguments that he now asserts in Ground One during the suppression hearing and that the absence of any such objection amounted to constitutionally deficient assistance [Doc. 50 pp. 12, 17, 18, 21], the Court disagrees. As noted above, the Sixth Circuit has already determined that there is no legal merit to the arguments Petitioner claims counsel should have raised on his behalf [Doc. 47 pp. 3–4].

9

Thus, Ground Two fails for want to prejudice. *See Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003) (holding that an attorney "is not required . . . to raise frivolous defenses or arguments"); *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("Counsel could not be constitutionally ineffective for failing to raise . . . meritless arguments.").

### 2. Plea Negotiating Process

In addition to the foregoing, Petitioner argues that counsel rendered constitutionally deficient assistance during the plea negotiation process [Doc. 50 pp. 30–36]. Specifically, Petitioner suggests that counsel deviated from professional norms when he allowed Petitioner to admit the existence of several prior convictions and failed to object to Petitioner's career-offender classification on the ground that those prior convictions stemmed from *nolo contendere* pleas [*Id.* (noting that *nolo contendere* pleas necessarily lack the factual admission of guilt required for categorization as predicate offenses)]. The argument fails for two reasons.

First, contrary to Petitioners' assertion that "all of [his] prior felony convictions were pursuant to pleas of *nolo contendere*" [*Id.* at 30], the state court judgments for all four of the convictions identified in the PSR as career-offender predicates were obtained pursuant to guilty pleas [PSR ¶¶ 52, 55, 56, 58; Doc. 55-1 (judgments)], and thus necessarily included an admission of sufficient facts to support the sentencing enhancement. Because the record conclusively demonstrates that Petitioner's prior convictions were based on guilty pleas as opposed to *nolo contendere* pleas, Ground Three fails as a matter of law. *See, e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegation of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief).

Second, in each instance, Petitioner signed documents explicitly and voluntarily "pleading guilty" to the factual allegations contained in the state court indictments [Doc. 55-2

10

(plea agreements)]. These plea agreements provide ample basis for treating the related convictions as Section 4B1.1 predicates and preclude Petitioner from demonstrating that he incurred prejudice as a result of his stipulation to the same in the plea agreement [Doc. 34 ¶ 4].

### C. Ground Four: Entitlement to Relief in Light of *Johnson v. United States*

Petitioner's final timely ground for relief claims that *Johnson v. United States* removed an unspecified number of his prior convictions from the Section 4B1.1's definition of "crime of violence," precluding his continued categorization as a career offender [Doc. 56 pp. 1–3].

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See Pawlak*, 822 F.3d at 911 (concluding the "rationale in *Johnson* applies equally" to the Guidelines' residual clause definition of crime of violence).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

11

(3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 56].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2 or as "controlled substance offenses." *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief.

All four of the prior convictions designated as predicate offenses in Petitioner's PSR [PSR ¶¶ 52, 55, 56, 58], involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration, *see United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United States v. Kinzer*, No. 2:10-cr-84, 2014 WL 905847, at *6–7 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted "controlled substance offenses"), and, as a result, were properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion for leave to amend [Doc. 56] will be **GRANTED IN PART** and **DENIED IN PART**, motion to stay [Doc. 57] will be **DENIED as moot**, and amended petition [Docs. 49, 56] will be **DENIED** and **DISMISSED WITH PREJUDICE.** The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge